UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD LEE BUSH, JR.,<br><br>  Petitioner,<br><br>  v.<br><br>ROBERT NEUSCHMID, Warden,<br><br>  Respondent. | Case No. CV 19-391 DSF(JC)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

The Court has conducted the review required by 28 U.S.C. § 636, including a *de novo* determination of those portions of the May 15, 2019 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation") to which petitioner has objected ("Objections"). The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, including the recommendation that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") and this action be dismissed with prejudice because petitioner's claim is time-barred, and overrules the Objections.

In the Objections, petitioner argues that the Court should address the merits of his claim that the trial court allegedly lacked jurisdiction over his criminal proceedings due to the asserted insufficiency of his criminal complaint under

California law, alleging, *inter alia*, that: (1) he may challenge the trial court's jurisdiction at any time (Objections at 4 (citing In re Harris, 5 Cal. 4th 813, 836 (1993); People v. Vasilyan, 174 Cal. App. 4th 443, 450 (2009)); (2) the applicable statute of limitations for fraud under California law is four years (Objections at 4 (citing Cal. Penal Code §§ 115(a), 801.5, 803(c)); (3) petitioner first discovered the "government fraud" in this case (presumably the filing of a legally-deficient complaint) on March 1, 2018 (Objections at 4); and (4) he is entitled to equitable tolling because the state court procedures underlying his conviction were based on an invalid complaint (Objections at 2). None of these arguments materially alter the Court's timeliness analysis.

First, as the Court explained, a one-year statute of limitations applies to petitioner's habeas claim. 28 U.S.C. § 2244(d). Violation of the limitations period requires dismissal unless petitioner can establish tolling or a federal exception. Petitioner's citations to In re Harris and People v. Vasilyan and to the California Penal Code do not except this action from the one year statute of limitations. Federal law, not state law, governs the applicability of the federal statute of limitations to petitioner's claim; the authority petitioner has cited has no bearing on the timeliness of petitioner's claim. See, e.g., Clowser v. Frauenheim, 2019 WL 2360888, at *5 (C.D. Cal. Apr. 19, 2019) (collecting cases so finding), report and recommendation adopted, 2019 WL 2358921 (C.D. Cal. June 3, 2019); Reyes v. California Dept. of Corrections, 2015 WL 3849179, at *8 (C.D. Cal. Feb. 18, 2015) (finding same), report and recommendation adopted, 2015 WL 3866044 (C.D. Cal. June 19, 2015); Shepard v. Gipson, 2012 WL 4899685, at *4 (C.D. Cal. Oct. 15, 2012) (same; noting, "Petitioner may well have been entitled – under California law – to advance his post-conviction claims regarding the illegal nature of his sentence 'at any time' in a state habeas action. But that argument fails to satisfy the *federal* time standard as to when a prisoner must bring a claim for review of an alleged constitutional error to this Court.") (emphasis original);

Fleenor v. Dickinson, 2010 WL 5671863, at *4 (C.D. Cal. Nov. 2, 2010) (same; "[T]he federal habeas statute of limitations contained in section 2244(d) governs federal habeas proceedings and trumps any state law that may govern state habeas proceedings.") (citing, U.S. Const. art. VI, cl. 2; Cox v. Roth, 348 U.S. 207, 210 (1955) (where Congress has decreed an applicable statute of limitations, "no state statute can diminish this period")), report and recommendation adopted, 2011 WL 317982 (C.D. Cal. Jan. 26, 2011).

Second, petitioner's argument for a later commencement of the limitations period based on his delayed discovery of his claim concerns only petitioner's discovery of the *legal* basis for petitioner's claim (not the *factual* basis) and therefore is unavailing. Petitioner could have, with diligence, discovered the vital facts underlying his claim (*i.e.,* that the government was proceeding on an assertedly deficient complaint) well before his conviction became final. See Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir.) ("The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered.") (citations omitted), cert. denied, 568 U.S. 1053 (2012).

Third, petitioner has not shown that a deficiency in the state complaint or any other circumstance made it impossible for him to file his federal habeas petition on time for equitable tolling to apply. See Booth v. United States, 914 F.3d 1199, 1207 (9th Cir. 2019) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)).

Fourth, even if this Court were to find the Petition timely and reach the merits of petitioner's claim, petitioner would not be entitled to federal habeas relief on the current record. Federal habeas review is limited to deciding whether a person is in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Federal habeas corpus

relief "does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Estelle, 502 U.S. at 67. To the extent petitioner's claim challenges only the trial court's application of state law, or alleges that the trial court abused its discretion in proceeding on the allegedly unverified complaint, such a claim does not set forth a cognizable ground for habeas corpus relief. See Williams v. Borg, 139 F.3d 737, 740 (9th Cir.) (federal habeas courts review "only for constitutional violation, not for abuse of discretion[]"), cert. denied, 525 U.S. 937 (1998).

Assuming, *arguendo*, that the state courts did not follow California law by proceeding on an unverified complaint, petitioner has not shown that this violated his due process rights. Estelle, 502 U.S. at 67. A habeas petitioner may not transform a state law issue into a federal one merely by asserting a due process violation. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996), cert. denied, 522 U.S. 881 (1997). At a minimum, a showing would need to be made that the alleged failure to follow state procedures resulted in the deprivation of a substantive right. See Moran v. Godinez, 57 F.3d 690, 698 (9th Cir. 1994) ("Only the denial or misapplication of state procedures that results in the deprivation of a substantive right will implicate a federally recognized liberty interest."; federal law determines the minimum due process standards applicable to the interest) (superseded on other grounds by statute), cert. denied, 516 U.S. 976 (1995).

Here, it appears that petitioner was prosecuted upon an Information following an arraignment hearing, at which petitioner was represented by counsel and could have moved to set aside the Information as not supported by probable cause or as in excess of the magistrate's jurisdiction (see Cal. Penal Code § 995; People v. McConnell, 82 Cal. 620 (1890)), and that he subsequently was afforded a jury trial where he was represented by counsel with the opportunity to confront the state's witnesses against him. (Petition at 2, 7; Lodged Doc. 10). Petitioner has not provided any federal authority to support his conclusion that his federal rights were violated by the alleged failure to follow state law in verifying

the complaint at the outset of his criminal proceedings, given the process that followed. Accordingly, it appears that his claim fails to merit federal habeas relief. See Petition at 6.1 (alleging that there was not a formal or sufficient accusation, citing Albrecht v. United States, 273 U.S. 1, 8 (1927) ("Where there was an appropriate accusation either by indictment or information, a court may acquire jurisdiction over the person of the defendant by his voluntary appearance."); Petition at 6.4 (citing Kirby v. Illinois, 406 U.S. 682, 689-90 (1972), Moore v. Illinois, 434 U.S. 220, 229 (1977), and Moran v. Burbine, 475 U.S. 412, 430 (1986), cases regarding when a person has been "charged" for the Sixth Amendment to apply); compare Byron v. Superior Court of California, 2014 WL 5514133, at *4-*5 (E.D. Cal. Oct. 31, 2014) (finding no due process violation on claim that trial court lacked jurisdiction because prosecution did not file verified complaint where petitioner provided no federal authority to support his conclusion that his federal rights were violated by alleged failure to follow state law); Perry v. Beard, 2014 WL 5035943, at *11 (E.D. Cal. Oct. 8, 2014) (rejecting similar claim based on trial court's challenged jurisdiction to amend criminal complaint without requiring that allegations be proved at a preliminary hearing; finding claim raised only matters of state law not subject to federal habeas relief).

    IT IS THEREFORE ORDERED that the Petition and this action are dismissed with prejudice because petitioner's claim is barred by the statute of limitations, and that Judgment be entered accordingly.

    IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on petitioner and counsel for respondent.

    IT IS SO ORDERED.

DATED: June 21, 2019

                                                             /s/ Dale S. Fischer
                                                              HONORABLE DALE S. FISCHER
                                                              UNITED STATES DISTRICT JUDGE